J. Irwin Shapiro, J.
In an action in which the purchasers of certain real property situated in Queens County seek to enjoin the defendant from enforcing a certain tax lien against the property and to have the tax cancelled and discharged, plaintiffs move for summary judgment. Defendant cross-moves to dismiss the complaint.
The subject property was purchased by the plaintiffs on April 7, 1965. Prior to their taking title, plaintiffs ordered a tax search which was continued up to the date set for the closing. The search revealed that the 1964/65 taxes were unpaid. At the closing, however, the purchasers received from the sellers an official receipt issued by the City Collector on January 25, 1965 showing that the entire tax for the year 1964/65 had been paid. In reliance upon the receipt, plaintiffs paid the full consideration for the property and accepted a deed. The defendant now claims that the tax for the second half of the year amounting to $44.46 was not paid and that the cashier perforated the tax bill by mistake.
The court is thus presented with the question of whether the city may be estopped from asserting that a tax has not been paid as against the purchaser of the property covered by the tax who has paid over the purchase money to the seller in reliance upon a receipt exhibited, issued by the City Collector, showing that the taxes have been paid. It appears that the precise question has never before been presented and there is a dearth of material on the question. (See Ann. 27 A. L. R. 1213.) Many of the cases, which appear in other jurisdictions holding that a municipal corporation is estopped by the issuance of an erroneous tax certificate, are based upon statutes making a tax certificate conclusive evidence that the tax had been paid. Thus, in Amerada Petroleum Corp. v. 1010.61 Acres of Land, etc. (146 F. 2d 99, 102), the Circuit Court of Appeals in Texas stated: ‘ ‘ Appellant cites cases from" many jurisdictions which have held that tax certificates issued by collectors even in the absence of a statute of this kind, operate as a kind of estoppel against the taxing unit to protect purchasers on the faith of them. We need not determine whether these cases go further than the general rule which protects a state against estoppel for the unauthorized acts or representations of its officers ”.
No such statute exists in this State (see Real Property Tax Law, § 986). In Curnen v. The Mayor (79 N. Y. 511) the plain *568 tiff, who was about to purchase a house, inquired at the proper office as to what assessments were against the property. The official record showed and plaintiff was so informed that there had been two assessments, but that they had been marked “ paid ”. Upon the faith of this assurance, plaintiff purchased the house. Later, the city found that the assessments had been marked “ paid ” by mistake since the person making the payment was entitled to a refund and undertook to restore the assessments as a lien against the property. The Court of Appeals held that the purchaser was entitled to cancellation of the lien, stating (pp. 514-515): “ If the question concerned no one but the defendant, and the person whose duty it was to pay the tax, this [that defendant had an inherent right to correct the erroneous original entry showing payment] might be conceded, but a fact once admitted by a corporation, through its officer, duly and properly acting within the scope of his authority, is evidence against it, and cannot be withdrawn to the prejudice of any one, who in reliance upon it, has changed his situation in respect to the matter affected thereby. In such a case the doctrine of estoppel applies to a corporation, as well as to an individual. ’ ’
The court further stated (pp. 516-517): “ Nor do I perceive any reason why the record showing payment of the assessment does not estop the defendant from asserting the contrary. It became a debt and a lien by virtue of its entry upon the record * * * The record is for the public * * * The assessment-roll is akin to a judgment; both records, and each creating a lien to be enforced by subsequent proceedings, if the debt or duty is not otherwise discharged. * * * If the latter is erroneously discharged, its lien cannot be restored so as to affect bona fide purchasers, or others standing in a similar relation, whose transactions were entered into in ignorance of the error, and in reliance upon the truth of the record. (King v. Harris, 34 N. Y. 330.) The same rule applies here. There can be no doubt that the plaintiff was led by the entry upon the roll to believe that the assessments had been paid, and if they are enforced now, it will be to her prejudice.”
In an analogous case, Rankin v. City of New York (145 App. Div. 838, affd. 204 N. Y. 684), plaintiff, the owner of a hotel building, prior to surrendering a tenant’s deposit to secure the covenants of the lease, including the payment of water taxes, inquired at the city water department to see if there were any water rates against the premises which were unpaid. Plaintiff was informed that the water rates were paid, whereupon he released the security. Thereafter, the city sought to *569 enforce a lien against the property for water rates unpaid at the time of plaintiff’s inquiry. The court held that the city could not enforce the lien even though the water rates did not appear as a charge against the property due to a forgery or fraudulent alteration of the bqoks in the water department by one of the clerks. The court stated (p. 844): “ The general statement in People ex rel. Sweet v. Bd. Supervisors (101 App. Div. 327) that ‘ municipal corporations cannot be estopped by the unauthorized or illegal agreements or acts of their agents ’ was undoubtedly accurate under the circumstances in which it was used; but in the present case it is not sought to estop the city by any one’s unauthorized or illegal act, but by the admitted condition of its own records kept for the benefit of the public, and upon which all persons interested were entitled to rely.”
Similar situations have arisen in other jurisdictions. In Seward v. Fisken (122 Wash. 225) the respondent Fisken, an agent of the Mortgage Bond Company of Mew York, procured a loan of $3,000 for respondent Seward for certain lots in Seattle, Washington. When application for the loan was made, there were outstanding against the property general taxes for the last half of the year 1917 and all of the year 1918. Upon closing of title, respondent Seward instructed respondent Fisken to pay over to the sellers a portion of the loan only after he was satisfied that the taxes had been paid. The person representing the sellers exhibited to Fisken a receipt from the County Treasurer showing that the taxes had been paid and Fisken turned over the balance of the purchase price. The taxes had been paid by check which was dishonored and thus the notation in the official records that the taxes had been paid was cancelled. The Supreme Court of Washington, relying on Curnen v. The Mayor (79 N. Y. 511, supra), held that the county was estopped from asserting the nonpayment of the tax as against one who purchases and pays for the property in reliance upon the receipt.
A contrary view is expressed in Kuhl v. Mayor of Jersey City (23 M. J. Eq. 84). In that case, on the day when the deed was delivered and the consideration paid, the seller paid the outstanding taxes at the office of the City Collector who, in turn, receipted the tax bills. The tax receipts were presented to the plaintiff purchaser who, in reliance thereon, paid the full consideration. Payment of the taxes had been made by check which was later dishonored and thereafter the entry of payment upon the books of the collector was cancelled. The court held that the city was not estopped to assert the tax *570 against the bona fide purchaser because, in issuing the receipt, the tax collector had no intention to influence the conduct of anyone by it.
It should be noted that in all the cases referred to, the payment of taxes was entered on the official records and in all but one case, the City Collector did not mistakenly issue the receipt but rather payment was made by the wrong person or by a check which was subsequently dishonored. Only in Rankin v. City of New York (supra) was the receipt given and the official entry made illegally by a clerk in the department. This court is asked to go a step further and estop the city from asserting the lien for taxes where, upon the closing, a perforated tax bill, mistakenly issued by the cashier, is presented and relied upon even though the official records show that the tax has not been paid. Admittedly there is a period of time of approximately two months when taxes, although paid, are not entered on the official records and are not available to the public. The city’s suggestion that, during this interim period either the checks tendered in payment be produced at the closing or an escrow in the amount of the allegedly unpaid taxes be taken clearly, will not be feasible in all cases. As was stated in Seward v. Fisken (122 Wash. 225, 232-233, supra): “ If it should be held that the county was not estopped in a case like the present, it would seriously interfere with the facility with which real estate transactions are conducted. It is a well-known fact that it is a common occurrence for the purchaser of property, before he pays over the purchase price, to have exhibited to him receipts showing the payment of taxes, and in reliance upon these the purchase price is paid. If the purchaser cannot rely upon the official receipt of the proper officer, it would lead to endless inconvenience. * * * In issuing the receipt a county treasurer could hardly be ignorant of the fact that it does constitute a representation, or may be relied upon by a party purchasing the property therein described, that the taxes are in fact paid. It seems to us that the better rule is that announced in Curnen v. Mayor etc., supra.”
It is the opinion of this court that the reasoning of the Curnen and Seward cases (supra) is sound and plaintiffs thus having pleaded a good cause of action, defendant’s cross motion to dismiss the complaint is denied. With respect to the main motion, it is argued that since, in this city and county, payments of taxes are not shown or posted for at least three or four months after they are made and that, during that time, no payment can be verified, payment of the 1964/65 taxes would *571 not be shown at the time of the closing. The city, however, by affidavit of the Assistant Deputy City Collector for the Borough of Queens, states that a payment for the second half of 1964/65 taxes would have been entered on the real estate tax register as of February 28, 1965 and would have been available to the public by the last week in March. This circumstance does not present a triable issue of fact in view of my determination, as above set forth, that at the closing, the plaintiffs could properly have relied on the perforated tax bill, as proof of the fact that the tax had been paid. However, a triable issue does exist by virtue of the city’s contention that, since the stub for the second half of the-year did not bear a folio or book number, plaintiff should have been put on notice that the taxes had not been paid.
Accordingly, the motion for summary judgment is denied.